# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY AND STATE<br>FARM FIRE AND CASUALTY COMPANY, | )<br>)<br>) Case No. 3:07-cv-627-J-20HTS<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| DUVAL IMAGING, LLC; DANTES MEDICAL<br>IMAGING, INC. d/b/a JACKSONVILLE RADIOLOGY,<br>INC.; TINA VALDEZ ALSO KNOWN AS TINA GAY<br>AND TINA DANTES, INDIVIDUALLY AND<br>AS THE MANAGING MEMBER OF<br>DUVAL IMAGING, LLC, AND MANAGER AND/OR<br>CO-OWNER OF JACKSONVILLE RADIOLOGY, INC.;<br>STEVEN WARFIELD, D.C, INDIVIDUALLY<br>AND AS A MEMBER OF DUVAL IMAGING, LLC;<br>THOMAS J. PARSON, INDIVIDUALLY AND AS<br>A MEMBER OF DUVAL IMAGING, LLC; AND<br>DAN DUANE DANTES, INDIVIDUALLY AND AS<br>CO-OWNER OF DANTES MEDICAL IMAGING, INC.<br>d/b/a JACKSONVILLE RADIOLOGY, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

---

**PLAINTIFFS' MOTION TO STRIKE AFFIDAVIT OF M. SCOTT THOMAS AND
EXHIBITS A AND B ATTACHED THERETO AND PORTIONS OF DEFENDANTS'
MOTION TO STAY DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT
OF SAME AND IN OPPOSITION TO PLAINTIFFS' RULE 56(f)
MOTION, AND  INCORPORATED MEMORANDUM OF LAW**

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and

Casualty Company (hereinafter "State Farm"), through counsel and pursuant to Rule 7(b),

Federal Rules of Civil Procedure, and Local Rule 3.01, move to strike the October 9, 2007

Affidavit of M. Scott Thomas and Exhibits A and B attached thereto (Doc. 27-2) proffered in support of Defendants Warfield and Parson's Motion to Stay Discovery and Memorandum of Law in Support of Same and in Opposition to Plaintiffs' Rule 56(f) Motion for an Opportunity to Conduct Discovery (Doc. 27), and state as follows:

### I.      MOTION TO STRIKE.

1.      On July 12, 2007, Plaintiffs filed their Complaint.  (Doc. 1.)

2.      On September 4, 2007, Defendants Warfield and Parson filed a Motion for Final Summary Judgment and Incorporated Memorandum of Law.  (Doc. 18.)

3.      On September 21, 2007, Plaintiffs filed a Response to Defendants Warfield and Parson's Motion for Final Summary Judgment and Plaintiffs' Rule 56(f) Motion for Opportunity to Conduct Discovery and Incorporated Memorandum of Law with a supporting affidavit. (Doc. 23.)

4.      On October 9, 2007, Defendants Warfield and Parson filed their Motion to Stay Discovery and Memorandum of Law in Support of Same and In Opposition to Plaintiffs' Rule 56(f) Motion for An Opportunity to Conduct Discovery (Doc. 27) (hereinafter referred to as "Defendants' Motion").

5.      Attached to and proffered in support of Defendants' Motion is the October 9, 2007 Affidavit of M. Scott Thomas, counsel for Defendants Warfield and Parson (hereinafter referred to as the "Affidavit").   Said Affidavit purports to summarize conduct, statements and offers of compromise made during presuit settlement negotiations regarding Plaintiffs' claims against Defendants Warfield and Parson in the instant action.   Attached as Exhibits A and B to

2

said Affidavit are copies of documentation generated during presuit settlement negotiations regarding Plaintiffs' claims against Defendant Warfield in the instant action.

6.     Said Affidavit and Exhibits pertain solely to conduct and statements made in compromise negotiations regarding Plaintiffs' claims against Warfield and Parson in the instant case.

7.     Technically, Defendants' argument and affidavit serve as a Reply to Plaintiffs' Response to Motion for Summary Judgment and indirectly provides additional supporting argument and evidence for the Motion for Summary Judgment.  The affidavit and attached exhibits include inadmissible evidence pursuant to Federal Rule of Evidence 408 in regards to settlement negotiation discussions.

8.     Under case law construing Federal Rule of Civil Procedure 56 and setting forth the prerequisites for admissibility of evidence at the summary judgment stage, said Affidavit and Exhibits which are proffered by Defendants Warfield and Parson at the summary judgment stage to contest the validity of Plaintiffs' claims against them are inadmissible pursuant to Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 56(e).

9.     A motion to strike is the proper vehicle for challenging the admissibility of evidence offered at the summary judgment stage.  *Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002) (an affidavit submitted at the summary judgment stage is subject to a motion to strike if it does not meet the standard set forth in Rule 56(e), Federal Rules of Civil Procedure); *Salter v. McNesby*, 2007 W.L. 2459246 * 1-2 (N.D. Fla. August 24, 2007).

10.     Said Affidavit and exhibits should be stricken from Defendants' Motion as

inadmissible evidence improperly proffered at the summary judgment stage.

WHEREFORE, for the reasons more fully set forth below in the Incorporated Memorandum of Law, Plaintiffs' Motion to Strike should be granted.

## II.     MEMORANDUM OF LAW.

Documents do not automatically become part of a summary judgment record merely because they are cited in a supporting memorandum. *See Hoffman v. Applicators Sales & Serv., Inc.*, 439 F. 3d 9, 15 (1st Cir. 2006). At the summary judgment stage, the Court may only consider material that would be admissible or usable at trial. *See Beiswenger Enterprises Corp. v. Carletta*, 46 F. Supp. 2d 1297, 1299 (M.D. Fla. 1999).

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Rule 56(e) provides, in pertinent part: "Supporting and opposing affidavits . . . *shall set forth facts as would be admissible in evidence . . . .*" (Emphasis added.) Case law construing Rule 56 outlines the prerequisites for admissibility of evidence at the summary judgment stage. As a general matter, only evidence that would be admissible at trial may be considered by the Court at the summary judgment stage. *Macuba v. Deboer*, 193 F. 3d 1316, 1322-5 (11th Cir. 1999). Under Rule 56(e), Federal Rules of Civil Procedure, affidavits - - although not themselves admissible at trial - - may be offered at the summary judgment stage if they set forth facts that would be admissible under the Federal Rules of Evidence. *McMillan v. Johnson*, 88 F. 3d 1573, 1584-85 (11th Cir. 1996).

Federal Rule of Evidence 408 addresses the admissibility of evidence of compromise and offers to compromise:

(a) **Prohibited Uses.**  Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

(1) furnishing or offering or promising to furnish - - or accepting or offering or promising to accept - - a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative or enforcement authority.

(b) **Permitted Uses**.  This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a).   Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

The October 9, 2007 Affidavit and Exhibits attached to Defendants' Motion constitute evidence of offers to compromise Plaintiffs' claims against Defendants Warfield and Parson and are inadmissible pursuant to Rule 408 and therefore ought not be considered by the Court at the summary judgment stage.  *Coogan v. Avnet, Inc.*, 2005 WL 2789311 * 2-3 (D. Ariz. Oct. 24, 2005) (citing *Beyenne v. Coleman Secc. Services, Inc.*, 854 F.  2d 1179 (9th Cir. 1998)). Evidence of settlement offers and rejection of those offers is irrelevant and inadmissible as to questions of liability or validity of a claim at the summary judgment stage:

Any offers of settlement made in ongoing litigation should not, as a matter of policy, have any bearing on the underlying issues of liability in the litigation itself, and such use is specifically prohibited by the Federal Rules of Civil Procedure and Federal Rules of Evidence.  Federal Rules of Civil Procedure 68, regarding Offers of Judgment, specifically provides that offers of judgment that

are not accepted are inadmissible except in a proceeding to determine costs.  The same grounds underlie both this restriction and the restriction in Federal Rule of Evidence 408 precluding the admission of such evidence:  1) the conclusion that the evidence is irrelevant because a decision regarding settlement may be motivated by factors other than validity of the claim, and 2) the promotion of the public policy favoring compromise and settlement of disputes.   Advisory Committee Notes to Fed. R. Evid. 408.  **In short, evidence of settlement offers and the rejection of those offers may not be admitted for the purpose of proving liability, and this Court does not consider that evidence to be relevant to questions of liability in consideration of a Motion for Summary Judgment**.

*Zokaites v. Balistrei Realty, Inc.*, 2007 WL 1789135 * 3-4 (S.D. Fla. June 19, 2007) (emphasis added).  Similarly, in the instant case, evidence of conduct, statements, and settlement offers are not admissible at the summary judgment stage for the purpose of contesting the validity of Plaintiffs' claims, ought not be considered by this Court, and should be stricken.

To determine whether parties are in fact engaged in settlement negotiations, courts look to the intent of the parties.  If the conduct or statement is intended to be part of negotiations toward compromise or settlement, evidence of such conduct or statement should be excluded. *See Coogan,* 2005 WL 2789311 * 4 (citing *Kritikos v. Palmer Johnson, Inc.*, 821 F. 2d 418, 423 (7th Cir. 1987)).   This exclusion advances the purpose underlying Rule 408 which is to encourage settlements.  Settlement negotiations will be inhibited if the parties know that their statements may later be used as admissions on issues of liability or validity of a claim.   *See Kritikos*, 821 F. 2d at 423 (citing *Central Soya Co. Inc. v. Epstein Fisheries, Inc.*, 676 F. 2d 939, 944 (7th Cir. 1982)).

6

The entire October 9, 2007 Affidavit purports to summarize Defendants' version[1] of the parties' conduct, statements and offers of compromise made during presuit settlement negotiations pertaining to Plaintiffs' claims against Defendants Warfield and Parson.  Exhibits A and B attached to said Affidavit are copies of correspondence and draft agreements proposed by both parties in an effort to settle/compromise Plaintiffs' claims against Defendant Warfield.  Exhibits A and B constitute offers to compromise Plaintiffs' claims against Defendant Warfield.  At pages 7-8 of Defendants' Motion, Defendants argue that said Affidavit and Exhibits support their position that Plaintiffs do not have a "plausible basis" for believing that facts exist to contest summary judgment.  In essence, however, Defendants proffer said Affidavit and Exhibits to directly attack the validity of Plaintiffs' claims against them and to indirectly support their motion for summary judgment.  In substance, the argument set forth at pages 7-8 of Defendants' Motion which improperly references said Affidavit and Exhibits is intended to serve as a Reply to Plaintiffs' Response to Defendants' motion for summary judgment by providing additional supporting argument and evidence in support of Defendants Warfield and Parson's Motion for Final Summary Judgment.   Defendants are asserting they have no liability and contest the validity of Plaintiffs' claims against them precisely because these settlement negotiations

---

[1]Without impugning any improper professional motive for counsel for Defendants Warfield and Parson, Plaintiffs doubt that the disposition of this case is furthered by counsel being the personal vehicle by which "facts" are put before this Court, unless counsel intends to be a witness in this case. *See Inglett & Company v. Everglades Fertilizer Company, Inc.*, 255 F. 2d 342, 349 (5th Cir. 1958).  Plaintiffs' submit that "[i]t is an unnatural and virtually impossible task for counsel in his own case, to drop his garments of advocacy and take on the somber garb of an objective fact-stater." *Id.* at 349.

occurred.  Thus, evidence of these settlement negotiations is proffered for no other purpose than as evidence to contest the validity of Plaintiffs' claims.  As such, said Affidavit and Exhibits thereto are inadmissible under Federal Rule of Evidence 408 and, therefore, are likewise inadmissible at the summary judgment stage under case law construing Federal Rule of Civil Procedure 56(e).

### III.     CONCLUSION.

For all the reasons stated above, the October 9, 2007 Affidavit, Exhibits A and B thereto, and the argument set forth at pages 7-8 of Defendants' Motion which references said Affidavit and Exhibits ought not be considered by this Court and should be stricken in their entirety as inadmissible at the summary judgment stage under Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 56(e).

### <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)</u>

Pursuant to rule 3.01(g) of the Rules of the United States District Court for the Middle District of Florida, undersigned counsel for Plaintiffs certifies that she has conferred with M. Scott Thomas, Esq., counsel for the Defendants Warfield and Parson in a good faith, but unsuccessful, effort to resolve the issues raised by Plaintiffs' Motion to Strike without the necessity of court action.

Respectfully submitted,

**GOBELMAN, LOVE, GAVIN,
WASILENKO & BROUGHAN, LLC**

/s/ Crystal T. Broughan
Crystal T. Broughan, Trial Counsel
Florida Bar No.: 0863343
cbroughan@gobelman.com
Ronald S. Wasilenko, Trial Counsel
Florida Bar No.:  0137510
rwasilenko@gobelman.com
815 S. Main Street, Suite 300
Jacksonville, FL 32207
904-393-9007/904-393-9050 - facsimile
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

_____I certify that a copy hereof has been furnished to **M. Scott Thomas, Esq.**, *Attorney for Steven Warfield, D.C. and Thomas J. Parson*, Thomas and Lawrence, P.A. 1301 River Place Blvd., Suite 1630, Jacksonville, Florida 32207 and **Dan Duane Dantes, Individually and as Co-Owner of Dantes Medical Imaging, Inc. d/b/a Jacksonville Radiology, Inc.**, 10579 Fox Squirrel Court, Jacksonville, FL  32257 by U.S. Mail this 6th day of  November, 2007.

/s/Crystal T. Broughan
ATTORNEY

F:\Client\3862\Pleadings\Federal\Motion to Strike Attorney Affidavit and Exhibits.wpd